# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1854

_____

Rhonda Rowan,                                    *
                                                 *
            Appellant,                           *
                                                 *     Appeal from the United States
      v.                                         *     District Court for the
                                                 *     Western District of Missouri.
Standard Fire Insurance Company,                 *
                                                 *     [UNPUBLISHED]
            Appellee.                            *
                                                 *

_____

Submitted: November 16, 2010
Filed: November 29, 2010

_____

Before WOLLMAN, HANSEN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Standard Fire Insurance Company (Standard) insured a dwelling owned by Rhonda Rowan. The policy period was from March 20, 2004, through March 20, 2005. Fifty-two days after the effective date of the policy, Standard sent Rowan notice that Standard was canceling the policy effective June 14, 2004. A fire destroyed Rowan's home on January 19, 2005.

After Standard denied Rowan's claim under the insurance contract, Rowan sued Standard in Missouri state court. Standard removed the claim to federal court based

on diversity of citizenship. The parties filed competing motions for summary judgment. The district court[1] held that Standard cancelled the policy in accordance with the plain language of the insurance contract and granted summary judgment to Standard. Rowan appeals.

Rowan argues that the insurance contract was ambiguous and should be construed in her favor. The parties agree Missouri law governs. "Under Missouri law, the interpretation of an insurance policy is a question of law." Brake Landscaping & Lawncare, Inc. v. Hawkeye Sec. Ins. Co., --- F.3d ---, 2010 WL 4273244, at *2 (8th Cir. Nov.1, 2010). As such, we review *de novo* both the grant of summary judgment and the interpretation of the insurance contract. Id.

The language of an insurance contract "is ambiguous when there is uncertainty in the meaning of the words used in the contract, or when the contract terms are reasonably subject to different interpretations." Am. Home Assur. Co. v. Pope, 591 F.3d 992, 999 (8th Cir. 2010). The contract at issue here explicitly governed cancellation. It provided that Standard "may cancel this policy for the reasons stated in this condition by notifying you in writing of the date cancellation takes effect." (App. at 33.) Only the second and third reasons for cancellation are relevant to this case, and they provided, respectively, for cancellation:

> (2) When this policy has been in effect for less than 60 days and is not a renewal with us, we may cancel for any reason by notifying you at least 30 days before the date cancellation takes effect.
> (3) When this policy has been in effect for 60 days or more, or at any time if it is a renewal with us, we may cancel if there has been a material misrepresentation of fact which if known to us would have caused us not to issue the policy or if the risk has changed substantially since the

---

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

policy was issued. This can be done by notifying you at least 30 days before the date cancellation takes effect.

(Id.)

Rowan argues that the insurance contract language is ambiguous because both part (2) and part (3) are implicated by the facts of this case. As Rowan sees it, part (2) is implicated because the notice of cancellation was sent within 60 days of the effective date of the policy, and part (3) is implicated because the effective date of the cancellation occurred after the policy had been in effect for more than 60 days. Rowan's reading of the contract is unreasonable because such a reading ascribes two distinct meanings to the single word "cancel." In part (2) Rowan would read "cancel" to mean the act of cancellation (regardless of whether the contract continues to bind the parties until some future date), while in part (3) she would have "cancel" mean the effective date of the cancellation (i.e., the date on which the contract no longer binds the parties).

The insurance contract plainly distinguishes between the act of cancellation and the effective date of the act of cancellation. And importantly, the contract unambiguously requires that the act of cancellation become effective only at a future date (at least 30 days after the notice of cancellation under part (2) and (3)). Read as a whole, the plain language of the contract unambiguously allows Standard to do what it did here — "cancel" the policy for any reason when the policy has been in effect for less than 60 days, while delaying the effective date of the cancellation until after the policy has been in effect for 60 days (not coincidentally providing the insured time to secure replacement coverage if desired). Thus, the insurance contract is reasonably subject to only one interpretation. When an insurance contract is unambiguous, as the contract was in this case, the policy will be enforced as written. See Pope, 591 F.3d at 999.

Accordingly, we affirm.  <u>See</u> 8th Cir. R. 47B.

_____